BENJAMIN SWAN ET AL.,
BY THEIR NEXT FRIEND
vs.
ZACHARIAH DENT AND
GEORGE T. RICHARDS AND
PRISCILLA, HIS WIFE.

MARCH TERM, 1847.

[RULES OF PRACTICE—GUARDIAN AND WARD—INFANTS—VACATING FRAUDULENT
CONVEYANCES.]

THE trustee of an insolvent debtor is a necessary party to a bill filed by creditors to vacate a fraudulent conveyance, made by the insolvent before his application.

An answer to a supplemental bill must be restricted to the matters stated in it, and a defendant has no right, under pretext of answering the supplemental, to add to, or amend his answer to, the original bill.

Exceptions to an answer on these grounds will be sustained.

Where the relation of guardian and ward has been terminated by the removal of the former, the infant has the same right to call him to an account, as he would have, to call his representatives to an account in case of his death : and in the latter case it has been decided that an infant may sue as if he were of age.

Though an infant himself cannot call his guardian to an account, whilst the relation subsists, but must wait until he attains age, yet a third person may do so, during the minority, for the benefit of the infant, of whose interest the law is especially careful.

The office of guardian is that of a trustee, and the general power of the Chancery Court to superintend trusts, is expressly preserved by the act of 1798, ch. 101, sub. ch. 12, sec. 16.

Prior to the act of 1835, ch. 380, the general rule was, that a creditor, before he could in equity pursue property fraudulently conveyed, must have first obtained a judgment with respect to realty, and a judgment and *fieri facias* where personal property was to be reached ; yet there are some exceptions to the rule.

The case of a guardian suing in behalf of his wards, who is the surety on the bond given by the former guardian, and, therefore, cannot himself maintain an action at law on the bond, might possibly be regarded as constituting such an exception to the general rule.

But the act of 1835, ch. 380, sec. 2, expressly exempts creditors from the obligation to obtain judgments, before they can proceed in equity to vacate fraudulent conveyances.

The conveyances in this case were vacated upon proof, that they embraced all the grantor's property, real and personal ; that they were made to his daughter, who never did and never could have paid the consideration expressed in them ; that at the time of executing them he was greatly in debt, and shortly afterwards applied for the benefit of the insolvent laws, returning no property in his schedule ; and that the whole transaction was a scheme to defraud his creditors.

THE CHANCELLOR:

On the 25th of October, 1844, the complainants filed their bill on the equity side of Charles County Court, praying that certain conveyances which had been made by the defendant, Dent, to the defendant, Priscilla, might be set aside and vacated as fraudulent against his creditors. This bill alleged that the defendant, Dent, had been, by the appointment of the Orphans Court of Charles county, acting as the guardian of the complainants, and in that capacity had become indebted to each of them in a large sum of money; that he, also, is indebted to other persons, by judgment and otherwise, and is greatly embarrassed in his circumstances. That being thus embarrassed, and unable to pay his debts, and with a view to defraud the complainants and his other creditors, the said Dent, on the 15th of July, 1844, executed to his daughter, Priscilla Richards, a bill of sale of all his personal property, consisting of slaves, &c., and on the same day, and for the like fraudulent purpose, and to hinder and delay his creditors, he conveyed to her all his real estate.

The bill charges, that the consideration of $7000, mentioned in each of these deeds is colorable merely, neither Richards nor his wife, the grantee, having paid or having been able to pay the same, and that they are fraudulent and covinous, and made for the purpose of hindering and delaying the complainants and the other creditors of the grantor. That immediately after the execution of the deeds, the Orphans Court, upon application, revoked the authority of Dent, as guardian, and appointed the person in whose name this suit is instituted. The bill then, after stating other circumstances indicative of the alleged fraud, charges that Dent was, at the time it was filed, a petitioner for the benefit of the insolvent laws, and had returned that he had no property to surrender for the payment of his debts. The prayer was, that the deeds might be set aside as fraudulent against creditors, the complainants paid their claim, and for general relief.

The answer of Richards and his wife, deny any personal knowledge of the indebtedness of Dent to the complainants, or of

his affairs and general pecuniary embarrassments, or of his design in the execution of the deeds. They allege, however, that these instruments were executed for the full considerations mentioned in them, and as to themselves deny all fraud in their obtention. They admit that but $7000, of the $14,000, mentioned as the consideration of the two deeds, was paid. They insist that the complainants, if they have claims against the said Dent as their guardian, should proceed upon his bond at law, and not in equity against the defendants in respect of property, for which they allege they have paid, and to which they have a fair title.

The answer of Dent admits, that he was appointed guardian to the complainants, and gave bond with sureties for the faithful performance of his duties as such—the *prochein ami* of the complainants being such surety. He also admits his indebtedness to the complainants as alleged, and that he is indebted to other persons and has been sued ; but that the conveyances to his daughter were made for a full and valuable consideration received from her, the said consideration, however, being but $7000 and not $14,000, as expressed in the two deeds.

His answer also takes the ground that the remedy of the complainants is upon his bond given as their guardian, and not by a proceeding in equity to vacate the conveyances. He admits himself to be a petitioner for the benefit of the insolvent laws, notwithstanding which, however, he says it is now and always has been his intention to pay the complainants, and concludes with a denial of the fraud imputed to him in the execution of the conveyances.

The deed and bill of sale, which are exhibited with the bill, are dated on the 15th of July, in the year 1844, and each purport to have been executed for the consideration of $7000 paid by Priscilla M. Richards to the grantor, Dent, and convey to her a number of tracts or parcels of land, and several negroes and other personal property. After a variety of other proceedings in the cause, and its transfer to this court under the Act of Assembly, and upon the hearing thereof before the late Chancellor, it appearing that the trustee of the defendant, Dent, upon

11*

his application for the benefit of the insolvent laws, had not been made a party, the Chancellor by an order dated the 5th of November, 1846, directed the case to stand over, with leave, by a supplemental bill or otherwise to make the said trustee a party. Such a bill was accordingly filed, alleging that upon the said application of Dent, the defendant, George T. Richards, had been appointed his trustee and duly qualified as such, and praying subpoena against the said Dent, Richards and his wife, requiring them to answer such supplemental matter.

The defendants, Richards and wife, admit in their answer to this supplemental bill, the application of Dent for the benefit of the insolvent laws as charged, and that the defendant, Richards, was appointed his trustee, and ask that the complainants may be required to file a copy of the proceedings upon his petition, that their character may be better understood.

The answer then proceeds to state, that at the time of the execution and delivery of the conveyances impeached as fraudulent by the original bill, they, the defendants, and each of them, were uninformed and ignorant of any intention or design on the part of the said Dent, to hinder, delay, or defraud his creditors, or any of them, or to injure, wrong, or prejudice, any person or persons whatever. And the said defendant, Priscilla, answering for herself, says, that the conveyances were *bona fide* executed and received, so far as she is concerned, and for a full and valuable consideration paid therefor to the said Dent. The defendant, George T. Richards, speaking as trustee, says he has no title as such to the property in dispute, and interposes no claim thereto. The defendant, Dent, did not answer the supplemental bill, but this omission was afterwards supplied by an agreement. The complainants excepted to the answer of Richards and wife to the supplemental bill, upon the ground that it responds to matters contained in the original bill to which they had previously answered, the complainants insisting that the defendants should simply have responded to the new matter alleged in the supplemental bill.

Exceptions were also filed by the defendants, Richards and wife, to the averments of the bill, 1st. Because it was not therein

shown that the said Dent had violated his trust as guardian, or wasted, or misapplied, the money, or property of his wards at the time of executing the deeds complained of. 2d. That the said bill shows no title, legal or equitable, on the part of the complainants to impeach the said deeds. 3d. That said bill does not show the complainants to be remediless at law in the premises. 4th. That the complainants do not show that they have obtained a legal or equitable lien on the property conveyed, they being only stated to be creditors at large of the said Dent. 5th. That the said bill does not contain a prayer for the sale of the property conveyed.

It appeared by the proceedings, that Zachariah Dent, the grantor in the deeds, petitioned for the benefit of the insolvent laws on the 23d of October, 1844, exhibiting with his petition a list of his creditors, of whom the heirs of Benjamin Swan were returned as creditors to the amount of $2900, and that upon allegations filed against him by John Hughes, the present guardian of the complainants, the jury found that he had made voluntary and fraudulent transfers of his property prior to his application, and upon this finding, his petition was dismissed. The defendant, George T. Richards, was appointed the trustee of the petitioner at the time of his application, but no property of any description was returned by him. It also appeared by a copy of the proceedings, that George T. Richards himself, applied for the benefit of the insolvent laws in June, 1836.

Commissions were issued under which a great deal of evidence, written and oral, was collected and returned, and the case standing ready for hearing, has been submitted for decision upon written arguments filed by the respective solicitors.

Without going into any detailed statement of the proof, the Chancellor, after a very attentive reading of it, is of opinion that the merits of the case are unquestionably with the complainants, and that they are entitled to the interposition of the court in their favor, unless such interposition is prohibited by some insuperable legal or technical difficulty. The proof in my opinion establishes the following propositions.

1. That Dent is now and was indebted to the complainants,

his former wards, to a considerable amount, at the period of the execution of the deeds complained of, and that he was also, at the same time, indebted to other persons.

2. That in October, 1844, his authority as guardian was revoked by the Orphans Court, upon the application of his sureties for counter security, one of which sureties was the party by whom the present bill was filed, as guardian to the infant complainants, and the other the party by whom, in the same capacity, the suit is now carried on.

3. That the said deeds embraced all the grantor's property, of which, or of a considerable portion of which, he retained the possession and use.

4. That in October succeeding the execution of the deeds, the grantor petitioned for the benefit of the insolvent laws, returning no property in his schedule ; and,

5. I am satisfied from all the circumstances of the case, as disclosed by the evidence, that the party to whom the deeds were made, never did, or could have paid the consideration as therein contained, and that the entire transaction was a scheme to defraud, his, the grantor's, creditors.

Before adverting very briefly to the points presented in the argument of the defendant's solicitor, it may be proper to remark, that the Chancellor thinks the complainants' exceptions to the answer of Richards and wife to the supplemental bill are well taken and must be sustained.

He is of opinion, that though the original and supplemental bill constitute but one record, and must be so regarded at the hearing, yet, as these defendants had before answered the original bill, their answer to the supplemental bill should have been restricted to the matters stated in it, and that they had no right, under pretext of answering the supplemental, to add to or amend their answer to the original bill. 1 *Daniels, Ch. Pr.*, 456 ; 2 *ib.*, 839. *Thomas* vs. *The Visitors of Fred'k. School*, 7 *Gill and Johns.*, 369.

The first objection urged by the defendant's solicitor is, that during the minority of the wards, no proceeding can be instituted in their names, against their defaulting guardian. But in this

case the relation of guardian and ward had terminated before the commencement of the suit, and consequently the guardian's trust being personal, the infant has the same right to call him to an account, as he would have to call his representatives to an account, in case of his death. And it has been decided that in case of death the infant may sue as if he was of age. And though an infant himself cannot call his guardian to account where the relation subsists, but must wait until he attains his majority, yet a third person may do so during the minority, for the benefit of the infant of whose interest the law is especially careful. *Eyre* vs. *The Countess of Shaftsbury*, 2 *Peere Williams*, 119.

The Chancellor, therefore, thinks that this objection cannot be maintained. The next objection is, that the present bill, which seeks to render the property conveyed by these deeds liable for the claims of the complainants, cannot be supported unless a lien is shown, or at least, a failure of any remedy to recover the claim at law.

But the office of guardian is that of a trustee, and the general power of this court to superintend the execution of trusts, is expressly preserved by the 16th sec. of the act of 1798, ch. 101, sub. chapter 12.

It is undoubtedly true that prior to the act of 1835, chapter 380, the general rule was, that before a creditor could file a bill in equity to pursue property fraudulently conveyed, he must have qualified himself so to proceed, by obtaining a judgment with respect to real property, and a judgment and *fieri facias* where personal property is to be reached: but it is equally true that there are some exceptions to the rule as shown by the case of *Birely & Holtz* vs. *Stanley*, 5 *Gill & Johns.*, 433, and it is possible, that as in this case, the guardian who instituted and prosecuted this suit, is the surety in the bond given by Dent for the faithful performance of his trust as guardian, and consequently could not himself maintain an action on the bond, at law, this case might be regarded as constituting an exception to the general rule, *Graham* vs. *Harris*, 5 *Gill & Johns.*, 490.

It is not, however, necessary to decide this question, as it seems to me clear that the 2d section of the act of 1835, ch. 380,

relieves this case from the objection, admitting that, independently of this act, it would have been fatal. The legislature by the enactment in question, have most explicitly exempted creditors from the obligation to obtain judgment, before they shall be permitted to proceed in equity to vacate fraudulent conveyances. The objection upon the ground of inconvenience in the execution of the law, the Chancellor thinks, may be readily overcome by the application of the ordinary rules and principles which govern the court in analogous cases.

This bill charges that the deeds which it assails were of all the grantor's property, and that they were without consideration, and to hinder, delay and defraud the complainants who were his creditors, as well as his other creditors.

It prays that they may be set aside as fraudulent, that the claims of the complainants may be paid, and for general relief.

The Chancellor thinks the complainants have both stated and provided a sufficient case, and will sign a decree vacating the conveyances, and appointing a trustee to sell the property.

———

T. S. ALEXANDER for Complainants.
ROBT. J. BRENT for Defendants.

———

[The decree in this case was affirmed on appeal.]