JOHN B. WILHELM,
ADMINISTRATOR OF
JOHN WILHELM
vs.                         JULY TERM, 1849.
STEPHEN L. LEE ET AL.

[REMEDIES AT LAW AND IN EQUITY UPON MORTGAGES.]

It is a well settled rule, that a mortgagee may sue, at the same time, in law, upon his bond or covenant, and in equity, upon his mortgage ; the case of a mortgagee forming an exception to the general rule, that a party shall not be permitted to sue at law and in equity at the same time for the same debt.

In this case, one mortgagee had recovered judgments at law for his debt, upon one of which judgments, an appeal had been taken, and was still pending in the Court of Appeals, the other remained unsatisfied in the County Court, the other mortgagee had simply instituted a suit at law, but had recovered no judgment.  HELD—

That each of these cases come within the rule, which permits a mortgagee to sue at law upon the bond or covenant, and in equity, upon his mortgage.

The bill in this case, was filed on the 10th of January, 1849, by the complainant, for the foreclosure of a mortgage, and sale of the mortgaged premises, of which his intestate was the assignee in part.  The defendant, the mortgagor, after claiming in his answer, various credits on account of the mortgage debt, resisted the decree, upon the ground, that the complainant had already recovered a judgment at law upon the bond, to secure the payment of which, the mortgage was given, and insists that such reconveyance, was an election by complainant, to proceed at law to recover all that was due him by the defendant, and that he cannot now file his bill in equity, for the recovery of the same debt.

An agreement of the parties, was filed on the 18th of July, 1849, by which it was agreed, that the credits claimed by the defendant should be allowed, and the question submitted for the decision of the Chancellor, which are stated in the following opinion delivered on the 14th of August, 1849.

THE CHANCELLOR:

The agreement submitting this case, presents two questions. The first is, whether a mortgagee, who has recovered judgments at law for his debt, upon one of which an appeal has been taken, and is now pending in the Court of Appeals, the other remaining unsatisfied in the County Court, can maintain a bill in equity for a foreclosure, and sale of the mortgaged premises.   And, secondly, whether a mortgagee who has simply instituted a suit at law, but recovered no judgment, is entitled in this court to such a decree.

The rule appears to be perfectly well settled, that a mortgagee may sue at the same time at law upon his bond or covenant, and in equity upon his mortgage ; the case of a mortgage , forming an exception to the general rule, that a party shall not be permitted to sue at law and here, at the same time, for the same debt. Indeed, the general rule itself applies only to cases where the demand at law and in equity are equally personal, and not where. the cumulative remedy is in *personam*, while the other remedy is upon the pledge. The remedy in this court, upon the mortgage, is in *rem*, and that at law in *personam*. *Dunkley* vs. *Van Buren*, 3 *Johns. Ch. Rep.*, 330 ; *Jones* vs. *Conde*, 6 *Johns. Ch. Rep.*, 77.

In 4 *Kent*, 183, the Chancellor says : "The general rule is, that the mortgagee may exercise all his rights at the same time, and pursue his remedy in equity upon the mortgage, and his remedy at law upon the bond or covenant accompanying it, concurrently."

The counsel for the defendant supposes that the rule upon this subject in New York, is founded upon the prohibition now existing there, which forbids the sale at law of the mortgagor's equity of redemption.

But the rule permitting the mortgagee to pursue his remedies at law and in equity, existed prior to the prohibition, which is the creature of the revised statutes, and cannot, therefore, be founded upon it. It is true, as suggested by the commentator, there were, before the statute, difficulties attending the sale of the equity of redemption ; but these difficulties did not induce the Court of Chancery to forbid the mortgagee to proceed at the same time at law and in equity ; though they subsequently induced the legislature to interdict the sale at law of the mortgagor's interest.

The argument of the defendant's solicitor in this case is, that, as the judgment and execution at law will give the creditor all the advantages of a decree, and, indeed, advantages which the decree will not give, there can be no necessity for harassing the defendant with a double suit, and subjecting him to useless costs. It is by no means so clear, however, that the

judgment and execution at law will give the creditor the full benefit of his specific security. There are cases, to be sure, in which it has been decided, that upon an execution issued on a judgment at law, the equity of redemption only is sold ; and the mortgagee may afterwards maintain ejectment against the purchaser of the premises, in order to enforce the payment of the balance of his claim ; but, as Chancellor Kent says, this supposes that the purchaser at the sheriff's sale knew of the existing mortgage, and purchased subject to it. 4 *Kent*, 183, *note c.* And in Pennsylvania, it has been decided, that the purchaser will hold the land discharged of the lien of the mortgage. *Pierce* vs. *Potter*, 7 *Watts*, 475 ; *Berger* vs. *Heister*, 6 *Whart.*, 210.

In the case of the vendor who has proceeded at law against his vendee, and sold the land under a *fieri facias*, the Court of Appeals have said, the benefit therefrom might not be commensurate with his equitable lien—"that such a seizure and sale could only transfer the interest of the vendee at the date of the judgment, and would be subject to all judgments, liens and outstanding equities existing against the vendee anterior to that time—all such secret and unknown equities would remain unimpaired by such a judicial sale." *Richardson* vs. *Stillinger*, 12 *G. & J.*, 483. It was also remarked by the court in the same case, that, after a sale thus made by the vendor suing and recovering a judgment at law for the purchase money, "he would come with an ill grace into a court of equity, seeking to sell the original entire interest of the vendee in the property, (if indeed he could come at all,) and thereby annihilate the title of a purchaser acquired under a judicial sale, made at his, the vendor's instance, and for his benefit."

If, then, it be doubtful, and it is impossible to read the language of the Court of Appeals without entertaining grave doubts upon the subject, whether, after a vendor has recovered judgment at law for the purchase money, and sold the title of the vendee under a *fieri facias* issued upon it, he can afterwards come into equity, and enforce his equitable lien, it is

manifest the remedy at law, so far as the land sold is concerned, falls far short of the remedy in this court, when it is recollected that the purchaser takes the title of the vendee, subject to judgments, liens and outstanding equities existing against the vendee prior to the judgment recovered by the vendor under which the sale is made.

It may be, that a distinction exists between the case of a vendor proceeding in equity to enforce his lien, after judgment against, and sale of the sheriff under a *fieri facias* issued upon it, of the vendee's interest, and the case of a mortgagee, suing in this court, after having sold the title of the mortgagor, under his judgment at law, recovered upon the bond or covenant; and that, in the latter case, the title of the purchaser from the sheriff might be overthrown, when in the former it would be protected; but no very apparent reason is perceived for such distinction—and Chancellor Kent, in the note already referred to, says, the mortgagee who has sold the title of the mortgagor, by a proceeding at law, cannot maintain an ejectment against the purchaser, unless the latter knew of the existence of the mortgage, and purchased subject to it.

My opinion, therefore, is, that this case comes within the general rule, which permits the mortgagee to sue at law upon the bond or covenant, and in this court upon his mortgage. He may, in the words of the late Chancellor, (Bland,) "sue on all his remedies at the same time," though, of course, he can have but one satisfaction of his demand. A decree will be passed accordingly.

[The decree in this case was affirmed on appeal.]

B. T. B. WORTHINGTON and F. H. STOCKETT, for Complainants.

A. RANDALL for Defendant.