(Decided 23d June, 1871.)

---

DANIEL J. FOLEY, Adm'r *c. t. a.* of EUGENE CUMMISKEY, *vs.* DEIDRICK BITTER, and others, Assignees of DANIEL SOLOMON.

NATHAN H. CRAWFORD and AUGUSTUS JOHNSON *vs.* DEIDRICK BITTER, and others.

JOHN SCOTT, JR., Trustee, *vs.* DEIDRICK BITTER, and others.

*Statute of* 13 *Elizabeth, section* 6—*Construction of the Acts of* 1864, *ch.* 109, *and* 1868, *ch.* 116, *relating to Evidence—Attachment on Judgment—Election of Remedies—Fraudulent Assignment for the benefit of Creditors.*

An attachment on judgment was laid by a judgment creditor in the hands of a trustee, under a deed of trust for the benefit of creditors, before the filing of a bill, to which the judgment creditor was a party complainant, to vacate such deed on the ground of fraud; upon appeal from an order dismissing a petition asking that the judgment creditor be compelled to elect whether to proceed with the equity suit or with the attachment, it was HELD :

1st. That in any view of the case, the petition was too late.

2d. That the two suits were not *ad idem.*

To sustain a bill filed by creditors to set aside an assignment to C as trustee, by B and J, the testimony of B was offered, an order for taking the same having been passed on application of the complainants. The administrator of C filed an exception on the ground that B was incompetent to testify under the provisions of the Acts of 1864, ch. 109, and 1868, ch. 116. HELD :

That the witness B did not come within the provisions of these Acts, and his testimony was admissible.

A debtor in failing circumstances, may give preferences to creditors, and may stipulate for releases, provided his deed is made *bona fide,* and conveys all his property.

An assignment for the benefit of creditors which, though valid on its face, is made with a fraudulent intent to delay, hinder and defraud creditors, and which, at the time of its execution, is intended to be and by its terms may operate as an instrument in aid of the fraud, is void as fraudulent in fact.

In the case of a voluntary assignment, the innocence of the trustee, or of the creditors named in the deed, will not save it from condemnation under the Statute of 13 Elizabeth, if fraudulent in fact on the part of the grantors. The trustee and the creditors are not protected as *bona fide* purchasers under the 6th section of the Statute.

APPEALS from the Superior Court of Baltimore City, in Equity.

The facts are stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., GRASON, MILLER and ALVEY, J.

*John Scott, Jr.,* for himself as trustee, and for Foley, administrator. And

*J. D. Ferguson,* for Crawford and Johnson.

[No abstract of the arguments of these gentlemen is given, inasmuch as the points taken by them are fully treated in the opinion of the Court.—REP.]

*Robert A. Dobbin* and *Patrick M'Laughlin,* for the appellees.

Assignments for the benefit of creditors exacting releases are not favored in law. They are merely tolerated when honestly made. *Stone vs. Marshall,* 7 *Jones, N. C.,* 300; *Am. Exchange Bank vs. Inloes,* 7 *Md.,* 380; *Brashear vs. West,* 7 *Peters,* 608; 1 *Am. Lead. Cases,* 73.

A debtor who desires to avert the natural course of the law in the payment of his debts, must dedicate *all* his property to that purpose, both in form and in fact. *Green & Trammell vs. Trieber,* 3 *Md.,* 28; *Sangston vs. Gaither,* 3 *Md.,* 52.

He may direct and control the distribution, but he cannot shield any part from this obligation. *Malcolm vs. Hodges,* 8 *Md.,* 418; *Barnitz vs. Rice,* 14 *Md.,* 29; *Bridges vs. Hindes,* 16 *Md.,* 101; *Ins. Co. vs. Wallis & Thomas,* 23 *Md.,* 173.

Assignment for the benefit of creditors may be void, though the trustee did not know of the fraud. *Stickney vs. Crane,* 35 *Vermont,* 89; *Ruble vs. McDonald,* 18 *Iowa,* 493; *Flanigan vs. Lampman,* 12 *Michigan,* 58; *Baldwin vs. Peet,* 22 *Texas,* 708; *Gere vs. Murray,* 6 *Minnesota,* 305; *Stewart vs. Spenser,* 1 *Am. Law Reg.,* 520; *Mohawk Bk. vs. Atwater,* 2 *Paige,* 59; *Ratcliffe vs. Sangston,* 18 *Md.,* 383.

BARTOL, C. J., delivered the opinion of the Court.

These appeals have been argued together and may all be disposed of in one opinion. They present the question of the

validity of the deed of trust for the benefit of creditors, executed by Augustus Johnson and William Behr, co-partners, to Eugene Cummiskey, Esquire, on the 29th day of June, 1865.

The bill of complaint was filed by Deidrick Bitter and Daniel Solomon, who were each creditors of Johnson and Behr, and who sued as well for themselves as for all other creditors who might come in and contribute to the expenses of the suit; charging that "the deed was made, executed, delivered and accepted with the views, purpose and intent to delay, hinder and defraud the creditors of the grantors." It further charges that they did not deliver to the trustee all their property, but retained a great portion thereof, "which they had concluded to retain at the time of executing the deed; and that a great portion of the debts preferred by the deed are not real debts; but are fictitious and not *bona fide.*" In the progress of the cause Daniel Solomon for value received, assigned his claim to Ludwig E. Amsinck and others, composing the firm of L. E. Amsinck & Co., who were made parties complainants.

The case was heard below on bill, answers and proof, and the Judge of the Superior Court came to the conclusion upon the whole case that "the transaction was a deliberate scheme by Johnson, in which Behr participated to some, though to a less extent than Johnson, to secrete and appropriate to their own use property which rightfully belonged and should have been appropriated to their creditors, and that the deed now assailed was a part, and a very efficient part, of that fraudulent device, since its direct object was to obtain a release from those who would otherwise have a right to continue their pursuit of them." And in accordance with this opinion the Superior Court decreed that the deed should be vacated and annulled; and further decreed that the appellant, Foley, administrator *c. t. a.* of Cummiskey, deceased, should pay over to John Scott, Jr., trustee, appointed in the place of Cummiskey, the whole sum which was admitted by Cummiskey, in

his answer, to have come into his hands, of the trust funds under the deed, together with whatever interest the trust funds may have earned; the whole to be distributed by the trustee, Scott, among the creditors of Johnson and Behr, according to their legal and equitable priorities under the direction of the Court. From this decree these several appeals have been taken.

It appears by the record that after the case had been set down for hearing at the instance of the defendants in the Court below, and after the argument had begun, a petition was filed by the defendants, Scott, trustee, and Foley, administrator, alleging that the complainant, Solomon, had before filing the bill, sued out attachments on judgment, in a Court of Law, against Johnson and Behr, and had caused the same to be laid in the hands of Cummiskey, for the purpose of having condemnation of the money which came to the hands of the garnishee under the deed of trust; and praying that Solomon might be required to elect whether he will proceed with this suit or with the attachments, so that the petitioners may not be vexed by two suits for the same subject-matter. The facts stated in the petition were admitted by the complainants' solicitors.

We think the Superior Court was right in dismissing the petition and refusing to require the complainant to elect. In any view of the case, the application came too late; even if the case were one in which such election might have been required. But there is no rule requiring an election in the case here presented. The proceedings upon the attachment and the bill in this case are not instituted for the same purpose, nor can they attain the same object. Although the validity of the deed would be incidentally involved in the trial of the case at law; yet there a judgment for the plaintiff, would simply establish his right to so much of the money in the hands of the garnishee, as might be necessary to pay his debt. The object of this suit is to have the deed vacated and annulled for the benefit of all the creditors. The two

suits are not *ad idem.* Besides Deidrick Bitter, one of the complainants, has not instituted any proceeding by attachment; and cannot be denied the right to prosecute the present suit. Whatever rights or liens Solomon may have acquired by his diligence in instituting proceedings at law, we think, as said by the Court below, he is entitled to retain. But that is a question not directly presented by this appeal; it will arise upon the distribution of the fund in case the deed be set aside. Before considering the main question in the case, involving the validity of the deed, there are some other preliminary questions, which will be disposed of.

An exception was filed by the appellant, Foley, to the testimony of William Behr, who was examined as a witness for the complainants; upon the ground that Cummiskey being dead and Foley, as his administrator, being a party to the suit, it was not competent for Behr, who was in the position of an opposing party, to fix by his testimony a liability upon the estate of the deceased. That he was rendered incompetent to testify by the provisions of the Acts of 1864, ch. 109, and 1868, ch. 116.

On this exception we concur in the opinion of the Judge of the Superior Court, that the witness Behr does not come within the provisions of the Acts of Assembly referred to. He is not an opposing party to Cummiskey in this suit, testifying upon his own offer; but is called by the complainants, parties opposed to both himself and Cummiskey. It has always been competent for a party in a chancery suit, by leave of the Court for that purpose, to call upon the opposing party to testify; and in this case it appears that on application of the complainants, an order was regularly passed for taking the evidence of the defendant, Behr, in their behalf; the exception to his testimony was therefore properly overruled.

The next question arises upon the construction of the agreement signed by the solicitors in the cause, which is as follows: "It is hereby agreed between the parties, plaintiffs and

defendants to this suit, by their solicitors, that the creditors mentioned, as preferred in the deed of assignment to Eugene Cummiskey, deceased, at the time of the execution and recording of said deed, and ever since have been partnership creditors of the defendants, Johnson and Behr, and that neither of the said last-named defendants owed to the said preferred creditors any part of the amounts for which they were preferred as aforesaid, except in their co-partnership capacity as members of the firm of Johnson and Behr; and it is further agreed that said Johnson and Behr constituted the said firm of Johnson and Behr."

After the signatures of the solicitors is the following, signed by Scott, trustee:

"This agreement does not apply to Nathan H. Crawford; but as to him, the indebtedness of Johnson and Behr is left open to the proof in the cause."

The counsel have disagreed as to the true construction of this agreement. On the part of the appellees it has been contended that its intent and meaning was simply to admit that the parties, named in the deed as preferred creditors, were not creditors of the individual members of the firm; but, if creditors at all, were partnership creditors, without intending to admit the existence of the debts stated to be due them, or to concede that they were creditors at all. While, on the other hand, the counsel for the appellants insist that by the agreement the existence of the debts, as stated in the deed to be due the preferred creditors, is admitted, except only the debt of Crawford, which is left to be proved. This last, we think, must be accepted as the true construction; most consistent with its terms; and especially with the supplementary words at the end, by which it is modified so as to except Crawford's claim, and require it to be proved. We are satisfied by the proof in the record, that Crawford was a *bona fide* creditor for the amount mentioned in the deed. It follows, therefore, that the objection to the deed based upon the averment in the bill that "the alleged debts to the preferred creditors are fictitious and not real," cannot now be urged, it having been waived by

the agreement as to all but Crawford; and his claim having. been established by the evidence.

The question remains, is the deed fraudulent in fact, as charged in the bill, by reason of its having been executed with the purpose and intent to delay, hinder or defraud creditors within the meaning of the Statute of 13th Elizabeth? The solution of this question depends upon the facts and circumstances attending the transaction, as they are disclosed by the evidence. The deed was made when the grantors were greatly embarrassed, and with means wholly inadequate for the payment of their debts; it gives preferences to certain creditors named, then provides for the payment ratably of such other creditors, as should within ninety days execute releases; and then for the payment of all other creditors. It purports in terms to convey all the property of the grantors, both partnership and individual; the instrument is therefore valid on its face; the law being well settled in this State that a debtor in failing circumstances may give preferences to creditors, and may stipulate for releases, provided the deed is made *bona fide*, and conveys all the property of the grantors.

It is well established by the proof in this case, that while professing on the face of the deed to convey all their property, the grantors were fraudulently engaged in secreting and appropriating to their own use, a considerable amount of their property, which did not go and was not intended to go into the hands of the trustee under the deed. It has been argued that the deed being valid on its face, is not affected by the fraudulent acts of the grantors, which it is said were acts done not under, but against the deed, and we have been referred to *Wilson vs. Forsyth*, 24 *Barb.*, 105; *Thomas vs. Talmadge*, 16 *Ohio*, 433; *Klapp's Assignee vs. Shirk*, 13 *Pa.*, 592; and *Miller vs. Halsey*, 4 *Abbott's Prac. Rep.*, (*New Series*,) 28, in support of the proposition that the failure of the debtor to deliver all the property assigned, does not necessarily invalidate the assignment. Conceding this proposition to be correct, it is still beyond question, as well upon reason and authority, as upon the words of the Statute, that if the assignment be made

with the fraudulent intent to delay, hinder and defraud creditors, and at the time of its execution be intended to be, and by its terms may operate as an instrument in aid of the fraud, then it falls " within the words as well as the mischief of the Statute," and is void as fraudulent in fact. We have carefully examined the cases cited in the argument, and many others bearing on this question, but consider it unnecessary to refer to them here; while they are in some respects conflicting, the weight of authority supports the proposition we have stated. For a very clear and able exposition of the principles applicable to this case we refer to the opinion of Judge CURTIS, in *Stewart vs. Spencer*, 1 *Am. L. Reg.*, 520.

In the case before us, we are entirely satisfied by the proof that the deed was not *bona fide*, but was intended to aid the grantors in dishonestly withholding a large portion of their property from their creditors, and at the same time to enable them to obtain releases from their debts, by fraudulently pretending, by its terms, to convey all their property for the benefit of their creditors.

The stipulation for releases, although allowed by the law where the assignment is *bona fide*, and all the property is in fact conveyed; yet, is not permissible where the deed is not in fact intended to vest in the trustee all the property of the debtor, or to dedicate it to the benefit of the creditors. It is clear, from the proof in this case, that this stipulation was intended to deceive the creditors, and was a fraud upon them, and that the deed was a mere device or instrument in the perpetration of the fraud, and, therefore, upon the principle before stated, is itself fraudulent and void.

We think there is nothing in the evidence to show that either the trustee or the preferred creditors, participated in the fraud; but, in the case of a voluntary assignment like this, the innocence of the trustee or of the creditors named in the deed, will not save it from condemnation under the Statute, if fraudulent in fact on the part of the grantors. The trustee and the creditors are not protected as *bona fide* purchasers under the 6th section of the Statute.

It is proper to state that we do not mean, by anything in this opinion, to impugn the principles decided in *Brooks vs. Marbury,* 11 *Wheat.,* 78, and *The State vs. The Bank of Maryland,* 6 *G. & J.,* 206. This case is widely distinguished from those, and is governed by different principles. We place our judgment, in setting aside this deed, upon the distinct ground that it is proved to have been fraudulent in fact, and contained stipulations for releases which were intended to operate and in fact did operate in aid of the fraudulent acts of the grantors.

It has been contended, on behalf of the appellant, Foley, that there is error in that part of the decree which directs that the whole sum of money which came into the hands of Cummiskey, should be paid over to the new trustee. Because Cummiskey, being admitted to be a creditor of Johnson and Behr to the amount of $500, his administrator ought to have been allowed to retain the amount of the debt due the deceased, out of the funds which came into his hands under the deed according to the decision in *Peters vs. Cunningham,* 10 *Md.,* 558.

The difficulty about this proposition is, that Cummiskey's debt is not established. It is true that, by the agreement signed by the solicitors, as we have construed it, the debt is admitted, and that admission is binding upon the complainants; but it does not bind other creditors, for whose benefit the suit is brought, and who may come in and dispute its validity.

It is proper, therefore, that the money actually in the hands of Cummiskey's administrator should be paid to the new trustee, as directed by the decree below, leaving the administrator to establish the debt by proof, if it should be disputed by other creditors besides the complainants; these are precluded from doing so by their agreement, and if established, he will be entitled to be paid the sum out of the funds.

Under the circumstances of the case, we will direct that the costs of these appeals be paid out of the fund.

*Affirmed and remanded.*

(Decided 23d June, 1871.)