LELIA BROOKS, EXECUTRIX, &c., OF REGINALD W. ROBINSON, DECEASED, v. THE METROPOLITAN LIFE INSURANCE COMPANY.

Argued June 2, 1903—Decided November 9, 1903.

1. Where a condition in a life policy reserves the right of the company at the death of the insured to pay the policy to either an executor or administrator, husband or wife or relative by blood or lawful beneficiary, upon the death of the insured, leaving a lawful beneficiary him surviving, the contract will be treated as an appointment of the persons named, any one of whom is authorized to receive the payment from the company. It follows that the company may make payment of the policy to any one of the persons so appointed as it may elect.

2. In a suit to recover by the executrix upon the death of the insured under such a policy, a plea that before the commencement of the suit the company had paid the amount of the policy to the duly-appointed guardian of the lawful beneficiary, who was a minor, was held to be good on demurrer.

3. Under such a condition the company is. not held to the strict letter of the contract as to making payment to the beneficiary, but the right to make payment to a guardian when the beneficiary is an infant is plainly applied.

4. The rule that parties making such a contract are presumed to have regard to the existing law relating to the subject matter and the rule that a contract of insurance will be liberally construed

for the protection of the insured, may be applied to sustain such an interpretation.

5. The failure to aver in such plea that the person so receiving payment had filed proofs of loss with the company, as required in the conditions, will not invalidate it. Such a condition is for the benefit of the company and may be waived.

6. Whether such a plea, if properly pleaded, would be a complete bar to such an action if brought before payment to the beneficiary under the circumstances of the present case, *quœre.*

7. A demurrer is addressed to matters apparent on the face of the pleading. In aid of it the court cannot look to facts appearing in other parts of the record.

Upon demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *John C. Reed* and *Clarence L. Cole.*

For the defendant, *Willard P. Voorhees.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff has demurred to the defendant's second plea. The action is brought by the executrix of Reginald W. Robinson, deceased, against the defendant company upon a policy of insurance, to recover the amount insured upon the decedent's life. This was a term policy, dated March, 1894, in which the sum insured was to become payable to the insured at the expiration of fifteen years from the date thereof if then alive, or in case of his death before the expiration of said term, and after the expiration of one year from the date thereof, then the whole amount should be paid to one of the persons described in number one of the conditions annexed to the policy. In the condition named it is stipulated that "in case of the death of the insured before the maturity of the endowment, the company may pay this policy to either an executor or administrator, husband or wife, or relative by blood, or lawful beneficiary, of the insured and a receipt in full signed by either of them shall be conclusive

evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied." The declaration is in regular form and sets forth the terms of the policy and a compliance therewith by the insured up to the time of his death on June 22d, 1902, the proof of the will of the deceased and the issue of letters testamentary thereon to the plaintiff on July 2d, 1902.

The defendant pleaded the general issue and two special pleas. Upon the first and third pleas the plaintiff joined issue. The second plea, to which the demurrer was filed, is an ordinary plea in bar of the action. It recites the terms of condition one, and then avers that in the application referred to in said policy and made a part thereof one Reginald W. Robinson, Jr., a son of the deceased, was named and appointed to be the lawful beneficiary of the insured under said policy; that he being a minor over fourteen years of age and a resident of Brooklyn, New York, one Mathilda A. Simmons, on June 28th, 1902, was duly and lawfully appointed guardian of the person and property of said infant by the surrogate of the county of Kings in said state, who had lawful jurisdiction in the premises; that the policy and all receipt books were surrendered to the company and that on September 20th, 1902, the defendant paid to said guardian the sum of $500.92, the amount due under the policy, upon the production of a receipt signed by her as such guardian, and by her delivered to the defendant; and that in consideration of the receipt of said sum, said guardian released and discharged the defendant from all claims and demands under said policy.

One of the grounds of the demurrer is that assuming the right of the defendant under the policy to pay the insurance money to any one of the persons named in condition one, and in this case to the lawful beneficiary, still, in order to constitute a complete bar to the plaintiff's action, the plea must show that the defendant had elected to pay or had duly paid the insurance money to such beneficiary before the commencement of the plaintiff's suit. The terms of condition one

operate as an appointment, by the parties, of the several persons therein named, any one of whom is authorized to receive payment of the sum agreed to be paid on the death of the insured. *Metropolitan Life Insurance Co.* v. *Schaffer,* 31 *Vroom* 72. And it follows that the company might at its option, under ordinary circumstances, make the payment to any one of the persons so named. Since the case shows that there was a lawful beneficiary named in the application, it follows that if the plaintiff should recover she would acquire no beneficial interest in the sum recovered for the estate of the insured, but she would hold it in trust for the benefit of the beneficiary. *Sulz, Admr.,* v. *Mutual Reserve Fund Life Insurance Co.,* 145 *N. Y.* 563; 28 *L. R. A.* 379; *State Insurance Co.* v. *Maackens,* 9 *Vroom* 564.

To recur to the point raised, the plea alleges that on the 20th day of September, 1902, the defendant paid to the duly-appointed guardian of the lawful beneficiary aforesaid the amount of the said insurance. The date of the commencement of the suit, so far as appears from the declaration, was September 22d, 1903. It would thus appear that the payment was made by the defendant to the beneficiary before the commencement of this suit, and thereby the ground of demurrer would be determined against the plaintiff. Counsel has suggested that by looking at the summons the fact will appear otherwise. In general, a party cannot demur unless the objection appears on the face of the preceding pleadings. 1 *Chit. Pl.* 666. See, also, *Id.* 197, 198. A demurrer is addressed to matters apparent on the face of the pleadings. In aid of it the court cannot look to facts appearing in other parts of the record. *Huss* v. *Central R. and Banking Co.,* 66 *Ala.* 472; *Nyblach* v. *Herterius* (*C. C.*), 41 *Fed. Rep.* 120; *American Insurance Co.* v. *Replogle,* 114 *Ind.* 1; 15 *N. E. Rep.* 810.

Another ground of the demurrer is that it does not appear by the plea that the person to whom the payment was made is one of the persons named in condition one. The point is that the payment to the guardian of the lawful beneficiary,

who was a minor, does not fulfill the condition of payment to the beneficiary himself. We think the contract does not admit of a construction so strict and narrow. The office of guardian is that of a trustee. *Walker* v. *Colby Wringer Co., 14 Fed. Rep.* 517; *Swan* v. *Dent, 2 Md. Ch.* 111. He is charged with the duty of collecting and receiving the choses in action of the ward and may execute receipts and discharges for the same. *Ordinary* v. *Deane,* 15 *Vroom* 64, 67; *McCreight* v. *McCreight,* 13 *Ir. Eq.* 314; *Schoul. Dom. Rel.* (2d ed.) 462; *Toney* v. *Black,* 58 *N. Y.* 185. Ordinarily the parties are presumed to contract with reference to the existing law and the obligations imposed thereby may be regarded as a part of the contract. 17 *Am. & Eng. Encycl. L.* (2d ed.) 26. There is also a rule of interpretation in contracts for insurance that they shall be construed liberally for the protection of the insured and given full effect to the indemnity. *May Ins.* 174; *Bliss L. Ins.* 385. Applying these rules, we think it plainly implied by the language here used that where the lawful beneficiary cannot, because of his infancy, receive and receipt for the insurance money due, his guardian may do so for him.

Another objection is that the plea does not show compliance with the condition requiring the person receiving payment to surrender the policy and receipt-books to the company; but this is only required where the payment is made at the maturity of the endowment, and not in case of death before its maturity. Nor does the failure to aver that such person furnished the proofs of death invalidate the plea, for the reason that this was a requirement for the benefit of the insurer which can be waived. *May. Ins.* 464; *Bliss L. Ins.* 266. We have thus found the plea to be good. Whether the plea would be sufficient to bar the action where it appeared that the payment was made after the suit had begun, it is not now necessary to decide. In support of this proposition, it was urged that the defendant was bound to make its election as to which of the persons named it would pay within ten days after the filing in the home office of the

proofs of death, &c., it being a stipulation of the conditions that no suit could be brought until after the expiration of that period. That suggestion has led to the observation that it is not alleged in the declaration that any demand had been made upon the company by the plaintiff to make such election before the suit was brought. Whether such a demand was necessary before bringing suit, or whether and when such election must be made, are questions not now necessary to be considered. The result is that the demurrer will be overruled, with costs.