# LEON RASST

*vs.*

# ABBOTT MORRIS.

*Concurrent remedies: when election will be compelled; counter-*
*feit money for land; suit to recover value.   Bill in*
*equity to have purchase money declared a lien.*

Where there is a suit at law and proceedings in equity
between the same parties, growing out of the same controver-
sies, the plaintiff will not be put to an election, unless the two
suits are coextensive and are instituted for the same purpose.

p. 190

Where an action at law is instituted to recover the value of
counterfeit money which had been given for property sold, and
a bill is filed in equity by the same party against the same
defendant to have the purchase money declared a lien on the
property sold, the plaintiff will not be put to an election; one
action is *in personam* and one is *in rem.*                    p. 191

*Decided June 20th, 1918.*

Appeal from the Circuit Court of Baltimore City. (SOPER,
C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Guion Miller* (with a brief by *Bartlett, Poe & Claggett*),
for the appellant.

*J. Royall Tippett* (with whom were *Richard B. Tippett*
*& Son* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

This appeal brings for review an order of the Circuit Court of Baltimore City, dated the 20th day of March, 1918, dismissing the appellant's petition and refusing to require the appellee to elect whether he will prosecute a suit at law in the Superior Court of Baltimore City or one instituted by him in equity in the Circuit Court of Baltimore City against the appellant.

By an inspection of the record it appears that the suit at law was instituted in the Superior Court of Baltimore City on the 12th day of January, 1916, to recover the sum of $19,400.00 on a contract under which the defendant paid to the plaintiff the sum of $19,400.00 in Carranza Mexican Currency and which currency after having been delivered was found to be counterfeit and of no value, and which it is alleged the Mexican Government had declared to be counterfeit.

The suit in equity in the Circuit Court of Baltimore City it will be seen, was filed in that Court on March 13th, 1916, and sought to have the balance of the purchase money due under the contract dated September 10th, 1915, which was $19,435.00, with interest less $2,500 paid by the appellant, declared to be a lien on the property sold and described in the bill of complaint and a trustee to be appointed to make sale of the property to satisfy this lien.

The prayer of the bill, as set out in the record, is as follows:

> "First—That this Court pass a decree declaring the balance of $19,435.00 with interest thereon less $2,500 paid by Leon Rasst to the Safe Deposit and Trust Company, owing to your orator by the said Rasst a lien on said property, and appoint a trustee to make sale of same to satisfy said lien.
>
> "Second—That this Court pass a decree to the effect that Leon Rasst hold the property for the benefit of and in trust for your orator for the payment of the balance of purchase money due of $19,435 and interest

thereon due under the contract of purchase with the
defendant of date September 10, 1915, less $2,500 paid
by Leon Rasst to the Safe Deposit and Trust Com-
pany, Trustee.

"Third—That this Court decree unto your orator
such other and further relief as it is competent to give
and which he may be entitled to or which the nature
of his cause may require."

The contract of sale which the appellee by the proceedings
in the Court of law and equity seeks to have enforced is
dated September 10th, 1915. The property consists of cer-
tain land and improvements known as the Mount Vernon
Brewery property, located on Ridgely, Scott and Carey
streets, Baltimore. The purchase price of the property was
$32,935.00 and payable as follows: Twelve thousand five
hundred dollars to be represented by a mortgage for 2 years
at 5 per cent. interest semi-annually with the privilege of
prepayment after one year; nineteen thousand four hundred
and thirty-five dollars to be represented by the acceptance of
$299,000 in Carranzistas Constitutionalista De Mexico Cur-
rency without any obligation on the part of the purchaser to
guarantee the value in United States Currency of the said
Mexican money and the balance, to wit, one thousand dol-
lars to be paid in cash, making in all $32,935.00.

The only question at this stage of the proceedings we are
called upon to decide is whether the plaintiff may prosecute
both an action at law and a suit in equity against the defend-
ant at the same time for the relief sought by him or whether
he should be forced to elect between the remedies sought and
proceed with the one or the other whichever he may select.

The doctrine of the election of remedies is too well settled
by former decisions of this and other courts to require any
extended discussion here.

In 9 R. C. L. 964, it is said, it is a general rule that
where a plaintiff is prosecuting an action at law and a suit
in equity against a defendant at the same time for the same

cause he may be compelled by the Court on' application by the defendant to elect whether he will proceed with the one or the other; but to come within this principle it is required that the two suits must have substantially the same aim and scope and the relief sought must be in each case substantially the same. In other words the plaintiff should not be compelled to elect, unless the remedy in the suit at law is equally complete and adequate with the remedy in equity.

In *Way v. Bragaw*, 16 N. J. Eq. 218, it was held, that the plaintiff will not be put to his election unless the suit at law is not only for the same cause but the effect must be the same. The remedy must be co-extensive and equally beneficial to the plaintiff with the remedy in equity. 2 *Daniel's Ch. Pl. and Pr.* 721, 961; 7 *Ency. of Pl. and Pr.* 360; 15 *Cyc.* 266.

JUDGE PHELPS, in his work upon *Juridical Equity*, sec. 120, says, that the maxim that "equity prevents multiplicity of suits," entitles a defendant in equity who is also sued at law by the same plaintiff for the same matter after his filing his answer to an order requiring the plaintiff to elect the Court in which he will proceed, but the two suits must be *ad idem,* that is their object and purpose must be identical. *Alex. Ch. Pr.* 100; *Union Bank v. Kerr,* 2 Md. Ch. 460; *Swan et al. v. Dent et al.,* 2 Md. Ch. 115, note; *Bradford et al. v. Williams et al.,* 2 Md. Ch. 6.

In *Foley v. Bitter,* 34 Md. 653, under a somewhat similar state of facts as are presented in the case at bar this Court held, that the lower Court was right in dismissing a petition and refusing to require the plaintiff to elect. In that case the Court said there is no rule requiring an election in the case here presented. The proceedings upon the attachment at law and the bill in equity in this case are not instituted for the same purpose nor can they attain the same object. The two suits are not *ad idem.*

In *Wilhelm v. Lee et al.,* 2 Md. Ch. 323, the CHANCELLOR held, that the general rule as to the election of remedies applies only to cases where the demand at law and in equity

are equally personal, and not where the cumulative remedy is *in personam,* while the other remedy is upon the pledge or *in rem.* The remedy in a Court of Equity upon the mortgage was *in rem,* and that at law was *in personam. Dunkley* v. *Van Buren,* 3 Johns. Ch. Rep. 330; *Jones* v. *Conde,* 6 Johns. Ch. Rep. 77; 4 *Kent,* 183.

It is clear we think from an examination of the suit at law and the bill in equity in the instant case that the remedy in the two suits are not co-extensive, they were not instituted for the same purpose and the relief sought is not substantially the same.

The suit at law was instituted to recover the value of the counterfeit Mexican currency which was given as part payment on account of the purchase money for the property sold the appellant by the appellee and the action is one *in personam,* and the judgment if recovered would be a lien upon the appellant's property.

The object and purpose of the suit in equity is to have the purchase money declared a lien on the property sold, and is an action *in rem* against that specific property itself.

Upon a careful consideration of the case we find no sufficient reason to justify us in disturbing the order appealed from and for the reasons stated it will be affirmed.

*Order affirmed, with costs to the appellee.*