Peckham, J.
This is an appeal by the defendant from a judgment in favor of the plaintiff for the amount of a certain policy of insurance for $3,000 issued by the defendant, an insurance company organized under chapter 175 of the Laws of 1883. The policy of insurance or certificate of membership, as it is sometimes called, was issued by the defendant association January 20, 1891, to Charles H. Sulz, payable to his “legal representatives,” at the home office of the company, in the city of New York, within ninety days, after satisfactory evidence of the death of the insured party. The application for membership aud for a policy of insurance in the corporation defendant was made by the insured, Charles H. Sulz, in December, 1890. In such application, in answer to the requirement to state the name of the beneficiary in full, he answered “ my estate.” Mr. Sulz, at the time of the issuing of the policy to him (Jan. 20, 1891), was at San Francisco in California, and, upon its receipt, he sent it to his wife at their residence in the city of Brooklyn, to which city he soon returned, and it remained in the possession of the wife for about six months, when, on the removal of the family (the husband and wife) from one house to another iu the city of Brooklyn, the wife packed it in a trunk, which was taken by the deceased when he started on *514 his journey to Tacoma in the state of Washington. When the deceased went to Tacoma in 1891 he left his wife at his old home in the city of Brooklyn. In August, 1891, he wrote from the city of Tacoma to the home office of the defendant in the city of Hew York notifying them that he had made Tacoma, Washington, his home for the future, having gone into the manufacture of soaps and chemicals there, and he asked them to forward assessments to him at Tacoma, or to notify him who their agent was there, to whom he might make further payments, In January, 1892, Mr. Sulz died at Tacoma, 'having at the time this policy or certificate in his possession. A.t the time of his death his wife was still residing in Brooklyn. Letters of administration were applied for by his widow to the surrogate of Kings county and were granted, and she duly qualified and entered upon the discharge of her duties as administratrix. A few days after the granting of such letters she signed a written renunciation of her right to take out letters as administratrix in Tacoma and forwarded it to the former attorneys of her husband at that place, and thereupon one E. P. Thomas was appointed administrator of the estate of her husband by the proper court in the state of Washington. Mr. Thomas at once commenced an action in that state to recover upon the policy of insurance which he had taken possession of as part of the effects of the deceased, and such suit was commenced by the service of process upon an agent of the defendant residing in the state of Washington and duly authorized under the laws of that state, and by the designation of the defendant corporation to receive such service on its behalf. Within a few days subsequent to the commencement of that action the plaintiff herein commenced this action as administratrix of the estate of her deceased husband in the supreme court of this state to recover the amount due under such policy of insurance. The defendant set up a defense to this action based upon an alleged breach of warranty by the insured in making false answers to certain questions contained in the application for insurance signed by him. It also set up the above facts in relation to the insurance policy and the pendency of the action against it in the superior court of the state of Washington, and claimed that the plaintiff herein had no right to maintain this action because of these facts. The case was tried at circuit, and the facts relating to the alleged breach of warranty submitted to a jury, and upon the whole case the jury found a verdict for the plaintiff, and the question is whether the judgment entered upon that verdict shall stand.
We will assume that the letters of administration granted to the plaintiff by the surrogate of Kings county are conclusive in regard to the status of the plaintiff as being the administratrix duly appointed upon the estate of her deceased husband, and the only question remaining is whether as such administratrix and upon the facts in this case she can maintain this action. We are of the opinion that the courts of this st.ate ought not to take jurisdiction of this action. The defendant issued what it terms in the blank application provided by it a “ certificate of membership or policy of insurance,” by which certificate or policy it insured the *515 life of Mr. Sulz for $3,000 for the benefit of his “ legal representatives,” those words being used in the instrument instead of the words “ my estate,” as used by the insured himself in his application for the insurance. The constitution and by-laws of the company and the certificate or insurance policy itself must all be looked at for the purpose of discovering what was the contract entered into by the parties. In re Equitable Reserve, etc., Assn., 131 N. Y. 354-368; 43 St. Rep. 204. In some companies, possibly in this, a person might become a member thereof, and his family or any other named beneficiary be entitled to receive the benefit of such membership upon his death, as provided for in the constitution or by-laws, even where no certificates of membership or policy of insurance had been issued; but where such'a paper has been issued by the company and delivered to and accepted by the insured person, it must be read in connection with such constitution and by-laws for the purpose of determining what the contract was which existed between the parties at the time of the death of the insured. The policy in this case was in the possession of the deceased at the time of his death in the state of Washington, and I do not think that it differs materially from any other policy of insurance so far as this question is concerned." Having been issued it has become a material part of the contract between the parties to it.
The case of Holyoke v. Union Mutual Life Ins. Co., 22 Hun, 75, is cited by defendant and is somewhat in point. In that case the plaintiff, as executrix of George E. Holyoke, brought an action in this state against the insurance company (a Hew York corporation) for the purpose of recovering the amount of a paid-up policy issued upon the life of one Alfred S. Perkins, a resident of the state of Maine, and by him assigned to Holyoke. The plaintiff’s testator died in Brooklyn, N. Y., May 7, 1875, where he had continuously resided for sixteen years prior to his death and he left a will by which he bequeathed and devised his whole property to his wife, the plaintiff, which will was duly admitted to probate in Kings county, and on June 8, 1875, letters of administration were issued to the plaintiff. After the death of Mr. Holyoke the assignment was found among his effects at his office in the city of Hew York and was delivered to the plaintiff, and had been in her possession up to the commencement of the action. On October 8, 1378, Alfred S. Perkins, the insured person, died and the plaintiff immediately gave proper proofs of his death and otherwise duly performed all the conditions required of her by the policy and demanded its payment. The defense interposed was that the assignment in question was a collateral assignment only to secure Perkins’ indebtedness to Holyoke and that the amount due the latter had been paid and that letters of administration with the will annexed upon the estate of Holyoke had been issued to one Percival Bonney by the probate court of Cumberland county, Maine, and that the policy of insurance was in the state of Maine at the time of Holyoke’s death, and had been by Bonney assigned to and was then held and owned by another person residing in the state of Maine. The court held that at the time of the death of George *516 Holyoke the legal title to the policy in controversy was vested in him; that he held a written assignment of the policy, and that in contemplation of law it was in his possession. The policy was, however, as matter of fact in the state of Maine when the testator died and was taken possession of by the administrator of his goods, etc., with the will annexed, who had been appointed by the probate court in the latter state. The court said it was immaterial whether the assignment to Holyoke by Perkins was as collateral security for the debt due from the latter to Holyoke or whether it was an absolute one. If collateral, the debt was due from Perkins himself, and he being a resident of Maine, no one could enforce payment of the debt in the courts of Maine, or release or control the same save an administrator appointed in that state, and that if the assignment were absolute the policy of insurance is the thing which formed a part of the property of the testator; that the assignment was only a muniment of title to that property and must follow the thing assigned. It was stated that if the testator had left a chattel in Maine which remained in that state until after his death, it was clear that the chattel would belong to the administrator in Maine as against the administrator in Hew York, although the bill of sale transferring the chattel to the testator was found among his papers in Hew York,' because administration of the property of the deceased person can be had only in the jurisdiction where the property is found after the death of such person and the fact that the property in controversy is a chose in action makes -no difference in the rule of law on this subject. Upon appeal to this court the decision of the general term was affirmed upon the opinion delivered by the court below, 84 N. Y. 648. There are some expressions in the opinion delivered in the supreme court in this Holyoke case which we might doubt the correctness of. While the decision itself upon the facts appearing in the report Was proper, we do not think that the mere fact that a policy of insurance is found on the person of an individual dying in another state, but who was a resident of this state at the time of his death, would preclude the maintenance of an action by an administrator appointed here upon the policy in the courts of this state against a company residing here, although the polic}7 remained in tho other state. A simple contract debt (and such is a policy of insurance) is assets where the debtor resides, even though evidenced by a written instrument. Wyman v. Halstead, 109 U. S. 654; Insurance Co. v. Woodworth, 111 id. 138 ; Chapman v. Fish, 6 Hill, 554.
The case of Morrison, Public Administrator, v. Mutual Life Ins. Co., 57 Hun, 97; 32 St. Rep. 846, is something like the Holyoke case, and it was held by the general term, first department, that the administrator in Hew York could not enforce the payment of a policy of insurance issued by a company incorporated in this state to a resident of the state of Maine, where the policy had never thereafter been within the state of Hew York, even though the principal office of the company was in the city of Hew York. It was stated that the policy in question not having been in the state could not under the principle of the Holyoke case form any part of *517 the assets of the deceased to which the plaintiff, an administrator appointed in the city of New York, acquired title. That case does not seem to have been brought to this court.
The facts in the case of New England Life Insurance Company v. Woodworth,- cited supra, are as follows : The husband of the insured commenced an action against the insurance company in the state of Illinois, although the party insured (his wife) died in the state of New York, and the insurance company was organized under the laws of the state of Massachusetts, and it was only after the death of the wife that the husband came into Illinois having the insurance policy in his possession. The United States supreme court held that a company may be regarded as present in and an inhabitant of the state where it has an agent upon whom, pursuant to the laws of that state, process may be served, and that an administrator is duly appointed in such state when the policy is brought within the state prior to such appointment, although the person insured died outside the limits of the state and not a citizen thereof. As the company is to be regarded as an inhabitant of the state where its agent is thus served with process, the court held that the principle that a simple contract debt followed the person of the debtor was not invaded, because the debtor was present in the state of Illinois when the suit was commenced by the husband as his wife’s administrator, being at the same time the beneficiary under the policy. Under such facts the policy was assets in the state where it was when the administrator was appointed.
In this case the fact is the same; that is, the state of Washington had enacted a law providingfor the designation of an agent by a foreign company, upon whom process could be served for it, and the company had duly appointed such an agent, and process was properly served upon him in the. action by the Washington administrator upon the insurance policy in question.
Within the above case in the federal court the person of the debtor in this case was within the state of Washington, and the debt could be collected there as well as here. It is a case, therefore, of a concurrent jurisdiction, so far as the general facts go, and in such case the situs of the policy, the death of the insured in Washington and the issuing of letters of administration in that state and the prior commencement of the Washington action are material facts. In this case we do not assert that the courts of this state might not have had jurisdiction to entertain this action, even though the policy were in the state of Washington, provided the courts of that state had not appointed an administrator, and the administrator thus appointed had not commenced an action on the policy prior to tire action in this state. On the contrary, we are inclined to the opinion that jurisdiction of this action would in such event be entertained by the courts here. But in the case of administrators duly appointed in each state, when the foreign administrator first duly commences an action by the service of process upon an agent of the company to recover on the policy, and the policy is found in the foreign state at the death of the assured in that state, we think the courts of the for *518 eign state have obtained jurisdiction, and, therefore, could give a full and complete discharge to the company if it paid upon a judgment obtained in such action, and we ought not to permit a second action in the courts of this state upon the same policy. In such a case as this we think that the principle of comity between the states calls for the refusal on the part of the courts of this state to entertain jurisdiction.
It a: claimed, however, that the plaintiff might recover in this action under another aspect and in her own right, irrespective of her character of administratrix. It is said that the policy is by its terms payable to the legal representatives of the insured. Attention is then called to the by-laws of the defendant, which state its object to be “to promote the well-being of ail its members and to furnish substantial aid to their families or assigns in the event of a member’s death.” This, it is said, means the immediate families, or, in other words, the dependents of the members, and not remote relatives and immediate relatives and dependents indiscriminately, and that this provision, coupled with the proof of the dependence of the plaintiff upon her husband and that they had no children, makes the true construction of the policy to be that the amount due upon it belongs not to the general estate of the deceased, but to his widow. Griswold v. Sawyer, 125 N. Y. 411; 35 St. Rep. 396; Bishop v. Grand Lodge, 112 N. Y. ; 627, 636 ;21 St. Rep. 811. We do not think that this argument should prevail. Giving due consideration to the by-laws above quoted, the words “legal representatives” must still have their ordinary meaning. The by-law provides not only for the well-being of its members and for the furnishing of substantial aid to their families, but -it adds the words “or assigns,” showing that the company is not restricted in its objects to the immediate families of its members, but the members are themselves at liberty to designate another than a member of their family as the beneficiary. As the members are not in any way restricted in the naming of a beneficiary by any by-law of the company or by its constitution, if there is any beneficiary named in the certificate or policy itself, that person is the one to whom the money shall be distributed. In the case at bar the insured named his estate in his application for insurance as the beneficiary thereof, and in the policy itself the words used are “legal representatives.” We see nothing in the mere fact that the insured was married and had no children to vary the ordinary significance of the words “legal representatives” when used in a policy of insurance. As was said in Griswold v. Sawyer (supra), the words “legal representatives” mean ordinarily executors or administrators, and that meaning will be attributed to them in any instance unless there be facts existing which show that the words were not used in their ordinary sense, but to denote some other and different idea. The facts in this case are not sufficient to change the ordinary meaning of this language, and wre, therefore, must attribute to the insured an intention in conformity to the ordinary meaning given to those words. We chink that such.meaning is strengthened if resort be had to the written application herein, because there the insured designates the beneficiary *519 as his estate. That expression, it seems to us, refers to all the property which a man leaves behind him at the time of his death. A testator frequently uses in a will the expression, “all my estate I give, devise and bequeath,” or “all my estate, real and personal,” or “all mv estate of every name and nature,” meaning by the expression all the property which belonged to him and which could be devised or bequeathed. So here, by the use of those words, the testator meant to include the money arising from this insurance policy or certificate in the general amount of his property or that which would be left behind him to be distributed to his next of kin as in case of intestacy. In such case the administrator represents this estate which is to be added to by the payment of this money and such administrator takes the estate together with the -addition thus made to it as a trustee, to be distributed to those who by law are entitled to it. We do not think that under the circumstances arising in this case the creditors of the insured would take any interest in or right to any portion of the money arising from this policy. The statute under which the defendant is organized provides that the money arising from such insurance shall be exempt from execution and shall not be liable to be seized, taken or appropriated by any legal or equitable process to pay any debt or liability of the member. Reading the statute in connection with the language used by the deceased and it would seem to be plain that he intended this money should go to his legal representatives to be appropriated by them free .'from his own debts, and for the benefit of those who would take his estate under the Statute of Distributions. The administrator of this estate, therefore, represents the claims of those who may be eventually entitled to the money arising from the payment of this policy, and neither the widow nor next of kin could maintain an action in their own right for the recovery of any portion of this money.
In Bishop v. Grand Lodge, 112 N. Y. 627 at 636 ; 21 St. Rep. 816, we simply held that in the absence of any certificate designating the beneficiary where no policy or certificate had been issued, that there was enough in the constitution and by-laws of that company defendant to enable the court to say that the parties entitled to the moneys arising from the insurance were those to whom the estate of the deceased would pass as in case of intestacy and that the administratrix had sufficient interest in the fund to sustain the action in her capacity as such and that the money while subject to distribution as in case of intestacy, yet still would be a special fund subject to the exemption provided for m the act of incorporation and would not be liable for the payment of the debts of the decedent or to be taken on any process in'the payment of such debts. We did not hold in that case that where an administratrix had been appointed, those who were the next of kin could themselves maintain an action for the recovery of the money due under the policy or certificate of membership, nor did we hold that the administratrix could herself maintain the action in any other character. We cannot, therefore, see any way by which, the plaintiff ought to bo permitted to maintain her action *520 either as administratrix or as the widow and alleged sqle beneficiary covered by the policy. We confess that we do not see how the money arising from tbe payment under this policy or certificate can be made liable for any of the debts of the deceased any more in the state of Washington than in case the action was brought here. The statute under which the company is organized makes provision upon that subject; but as the courts of Washington have jurisdiction of that question it will be matter for them to decide, which they will do in a manner consistent with their views of the law.
The judgment in this action ought not to stand, and it must, therefore, be reversed, and, as' the plaintiff cannot in any event succeed upon a new trial, her complaint should be dismissed, with costs oat of the estate.
All concur, except O’Brien, J., not sitting.
Judgment accordingly.