(12 Misc. Rep. 562.)

## In re LEARNED.

(City Court of Brooklyn, General Term. May 27, 1895.)

COURTS—RULE OF DECISION—COMITY.

> The committee of a nonresident lunatic, appointed in New York, appeared in an action brought in the foreign state concerning the lunatic's property, and was allowed certain sums for the maintenance of the lunatic, as to which such court afterwards called on the committee for an account. The committee objected to the jurisdiction, but presented his account, and claimed a certain sum as compensation, only part of which was allowed. *Held* that, on an application by the committee to the courts of New York to fix his compensation, he would be allowed, under the rule of comity, only the amount allowed by the foreign court.

Appeal from special term.

Accounting by Henry Sanger Snow, as committee of James H. Learned, a lunatic. From an order fixing the amount of the committee's compensation, Alexander S. Bacon, guardian ad litem of said lunatic, appeals. Modified.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Nichols & Bacon, for appellant.
Edmund L. Baylies, for respondent.

VAN WYCK, J. This is an appeal from the order fixing the amount of Committee Snow's compensation at $5,000. The appellant insists that it is too much. From the appeal papers it appears that James H. Learned and Mary A. Learned were married in 1866, and lived happily together in Colorado, she contributing largely to the accumulation of his property, till he was, in 1883, officially declared a lunatic by the courts of that state; that on February 12, 1886, he was unwisely, through the efforts of his attorney, Horner, declared to have been restored to reason; that on March 25, 1886, Horner received from him a deed of all his property, then valued at

$100,000, in trust to pay $8,000 indebtedness; that in April, 1886, the said James H. Learned came to Brooklyn, and was married to another woman, and was charged with some offense; that on June 29, 1886, said Learned was declared a lunatic by this court, and Snow was appointed the committee of his person and property; that there was substantially no property in this state, the equity in the house purchased here being worth but a trifle; that Mary A. Learned, the lunatic's wife, commenced an action in Colorado to have the deed to Horner set aside; that Snow intervened by attorney, who has been fully paid, in that action, to secure the payment to him of sufficient funds by the custodian of the property there to maintain the lunatic, and that from time to time he received, by order of the Colorado court, from the custodian, sums aggregating $11,242; that the Colorado court called upon Snow to account for his disposition of the same, and Snow, though objecting to the jurisdiction of the court, did present his account, in which he claimed $6,625 of the amount for his services, and offered proof as to the value thereof; that his compensation was fixed at $3,000; that Snow afterwards applied to this court to pass upon his accounts and fix the amount of his compensation, offering about the same proof of the value of his services as he did in the Colorado court, and that this court fixed his compensation at $5,000. His intervention in the Colorado suit, by attorney who has been fully paid, asking for means to support the lunatic, and his receipt from the Colorado custodian of the property of $11,242, and the payment out of the same of the asylum bills, amounting to about half thereof, for his care, seem to have been the chief services of this committee, though he rendered some others, the most important of which were the sale of a trifling equity in a Brooklyn house, and the settlement with the woman whom the lunatic had married in Brooklyn, for $250. Believing that the sum of $3,000 would be a full and fair compensation for the services rendered by the committee, we do not feel called upon to decide whether the decree of the Colorado court on the question was res adjudicata, but we have no hesitancy in saying that the decision of the question there, after being litigated by both parties, is entitled by way of comity to weight and respect by this court. That court was moved by the principle of comity to make the committee (Snow) appointed by this court a defendant on his application in an action then pending in that jurisdiction, though the lunatic was represented therein, and to award him means for the lunatic's support in this jurisdiction. Reciprocity should restrain us from totally ignoring the circumstance that the question submitted to the court here had been decided by the Colorado court, both parties having appeared therein and litigated the question there on the merits. Sulz v. Association, 145 N. Y. 573, 40 N. E. 242. We think the allowance to the committee should be reduced to $3,000 as claimed by the appellant, with costs and disbursements to appellant to be paid out of the fund.