(113 App. Div. 186)

### GLEASON v. NORTHWESTERN MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department.    May 11, 1906.)

**1. APPEAL—APPEAL FROM INTERMEDIATE ORDER.**

Two days after the entry of a judgment, and nine days after the entry of an order denying a motion for leave to serve a supplemental answer, defendant appealed "from the judgment * * * and also from the order * * * denying the motion for a new trial; * * * and take further notice that the defendant intends to bring up for review upon such appeal * * * the order . * * * denying the defendant's motion for leave to * * * serve a supplemental answer herein." *Held*, that defendant directly appealed from the order denying the motion for leave to serve a supplemental answer.

**2. INSURANCE—ACTION ON LIFE POLICY—PLEADINGS—SUPPLEMENTAL ANSWER.**

A life policy was issued and delivered to a resident of Vermont. The insured assigned the policy, and after his death the assignee removed to New York, and brought an action thereon. After the bringing of the action, the administrator of the insured obtained judgment on the policy in the courts of Vermont; the statutes of that state authorizing the personal representative to collect the policy, and to hold the proceeds for the benefit of the assignee. *Held*, that the insurer was entitled to set up in a supplemental answer the fact of the rendition of the judgment by the courts of Vermont.

Appeal from Trial Term, New York County.

Action by Mary Agnes Gleason against the Northwestern Mutual Life Insurance Company. From a judgment for plaintiff, and from an intermediate order denying leave to serve a supplemental answer, defendant appeals. Reversed, and new trial ordered.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Opdyke, Ladd & Bristow (Alfred Opdyke of counsel), for appellant.

Frayer, Stotesbury & Gregg (Eugene Frayer of counsel), for respondent.

CLARKE, J. This is an action by an assignee to recover on a policy of life insurance. The insured, Oliff F. Harrison, resided at Rutland, Vt., and upon his application, dated August 31, 1891, there was issued and delivered to him at Rutland by the defendant a policy dated at its office in Milwaukee, Wis., September 3, 1891, under which the company agreed to pay "unto the executors, administrators, or assigns of Oliff F. Harrison, the insured, of Rutland, in the county of Rutland, state of Vermont, two thousand dollars in sixty days, after due proof in usual form of the fact and of the cause of his death during the continuance of this policy." The plaintiff was then living in Rutland, Vt., and testified that at that time she had been acquainted with Mr. Harrison and his family for 20 years; that on or about the 12th day of September, 1891, Harrison brought the policy to her, and gave it to her as a gift, and at the same time signed an assignment of the policy, and requested her to sign also. Said assignment was duly filed with the company, and is as follows:

"Rutland, Vt., Sept. 12, 1891.

"For a valuable consideration, the receipt whereof is hereby acknowledged, I hereby assign and transfer to Mary Agnes Gleason (no relation) of Rutland, Vt., and for her sole use and benefit, all my right, title, and interest in and to policy No. 237,880, issued by the Northwestern Mutual Life Insurance Company. In case of the death of said assignee before the 'policy becomes due, then and in that case it shall be payable when due to the executors, administrators, and assigns of O. F. Harrison.

"Oliff Frank Harrison.    [L. S.]
"Mary Agnes Gleason.    [L. S.]"

The premiums on the policy were regularly paid by Mr. Harrison down to the last one, which was paid by plaintiff, "because," as she testified, "I heard he was too ill to transact any business, and I thought perhaps the policy would lapse, and I paid it." Harrison died at Rutland on the 11th of October, 1903. A few days thereafter plaintiff removed from Rutland to the city of New York. On or about March 17, 1905, she brought this action. In October, 1905, this case being on the day calendar for trial, defendant by order to show cause applied for leave to serve and file a supplemental answer. This proposed answer set up that on the 6th of October, 1905, judgment was duly rendered and entered in an action in the county court of Rutland, Vt., a court of general jurisdiction, wherein Percival W. Clement, as administrator of the goods and chattels of Oliff F. Harrison, deceased, was sole plaintiff, and the defendant herein was sole defendant, in favor of said administrator, in the sum of $2,200; that said action was commenced in November, 1904, was brought to recover on the same policy as in the case at bar, and that defendant gave notice of the pendency of said action to the plaintiff herein on March 2, 1905, and prior to the commencement of this action in the state of New York; that subsequent to the commencement of this action the defendant duly filed in said county court of Rutland an amended or supplemental plea to the plaintiff's declaration there pending, alleging as a defense that the said policy was claimed by this plaintiff to have been duly assigned by the said Harrison during his lifetime to her; that the plaintiff herein had on March 23, 1905, commenced this action in the county of New York against the defendant to recover upon said policy, and that said action was then pending and being pressed for trial by the plaintiff herein; that the matters of fact so stated were all duly established upon the trial in Vermont, but were by said court held to constitute no defense under the laws of Vermont to the action brought by the administrator, and judgment was ordered, as aforesaid. The proposed answer further set up the delivery of the policy and the assignment in Vermont, the continued residence of Harrison and of the plaintiff in Vermont up to the time of the death of Harrison, and that after Harrison's death letters of administration on his estate were duly issued, and proceeded:

"(3) Under and by virtue of the laws of the state of Vermont as the same have existed since prior to the year 1891, a policy of life insurance issued upon the life of a resident of the state of Vermont, payable at or after the death of the insured, is payable, in the event of the death of the insured while a resident of the state of Vermont, solely to the executors or administrators of the insured, whether or not the policy was by its terms made payable to some beneficiary named therein, or whether or not the policy was by its terms

made payable to the assigns of the insured during his lifetime. Under and by virtue of the laws of the said state of Vermont, payment of a policy of life insurance, which has been assigned within the state of Vermont by the insured during his lifetime to the assignee thereof, is no bar or defense to a claim to the proceeds of said policy made by the personal representatives of the insured after his death. Under and by virtue of the laws of the said state of Vermont, if a policy of life insurance has been duly assigned within the state of Vermont by the insured, and the proceeds of the said policy have been collected by the personal representatives of the insured, the said personal representatives hold the proceeds of the said policy for the benefit of the said assignee."

The motion for leave to serve said supplemental answer was denied. the order being entered on October 16, 1905. The trial came on on October 20, 1905, and at the opening of the case counsel for defendant asked to amend the answer as set forth above, stating, "I want it to appear on the record that on every occasion when we came to court we tried to get in that fact." The motion was denied, and the trial proceeded, and at its close the court directed a verdict for the plaintiff in the sum of $2,205, judgment thereon being duly entered for $2,309 on October 23, 1905; so that it appears that upon this same policy of insurance the company has a judgment for the full amount thereof entered against it and in favor of the insured's administrator in the state of Vermont, and a judgment for the full amount in favor of the assignee thereof in this state, it having made but one promise to pay, and having received but one set of premium payments. And it further appears that it attempted without success, in the suit first commenced and first tried in Vermont, to interpose the New York action as a defense, and, judgment having gone against it in Vermont, with equal unsuccess attempted to interpose that judgment in New York. There seems to be something unfair in requiring even an insurance company to submit to a double recovery on the same obligation. On the 25th of October, 1905, two days after the entry of judgment, and nine days after entry of the order denying the motion for leave to serve the supplemental answer, and hence before the time to appeal from said order had expired, the defendant appealed to this court "from the judgment * * * entered and filed * * * on the 23d day of October, 1905, * * * and also from the order * * * denying the defendant's motion * * * for a new trial; * * * and take further notice that the defendant intends to bring up for review upon such appeal from the said judgment the order of the said court herein denying the defendant's motion for leave to make and serve a supplemental answer herein, said order being dated October 16, 1905, and being entered and filed in the office of the clerk of the county of New York on the same day; * * * the defendant hereby appealing from said last two mentioned orders, and from each and every part of each thereof, to the Appellate Division of the Supreme Court of the State of New York for the First Department." So that the consideration of said order is brought up, not only under the provisions of section 1316 of the Code of Civil Procedure, as an intermediate order necessarily affecting the final judgment, but also by direct appeal taken by notice thereof within the time limited for appeal. If the time in which to appeal had ex-

pired, the question would have been squarely up whether this order could have been reviewed on the appeal from the judgment—a question not free from doubt. It was an intermediate order, "because made after the commencement of the action and before the entry of judgment." Fox v. Matthiessen, 155 N. Y. 177, 49 N. E. 673; Taylor v. Smith, 164 N. Y. 399, 58 N. E. 524. But as said in Taylor v. Smith, 24 App. Div. 527, 49 N. Y. Supp. 47: "The question whether any particular order necessarily affects the judgment will always be an open one," and as whether or not this is such an order is not necessary for the decision of this appeal, I do not pass upon it. The order is before us on direct appeal. I think it would have been so if the notice of appeal had only stated the "intention to review on such appeal" the said order. Hymes v. Van Cleef (Sup.) 15 N. Y. Supp. 341; Brumfield v. Hill (Sup.) 8 N. Y. Supp. 143; Piper v. Van Buren, 27 Hun, 385. But the notice of appeal is direct, full, and sufficient, and if, as stated by Chief Judge Parker, considering the provisions of section 1316 of the Code of Civil Procedure in Fox v. Matthiessen, supra, "the object of the statutory provisions on this subject is to prevent multiplicity of appeals in the same action," it seems reasonable that but one record should have been made on appeal in this case. The case was on the day calendar. It was tried within four days after the entry of the order. Nothing could have been accomplished by an ad interim appeal. Defendant had a right to appeal any time within 30 days, and the appeal was taken with the utmost promptness after judgment.

The order appealed from should be reversed, and the supplemental answer allowed to be served, because it set up facts occurring since the commencement of the action which defendant ought to have been allowed to show in defense. Here was a defendant sued in two jurisdictions upon the same policy. It could bring in neither plaintiff in the other's state. The action was brought first in Vermont. It is claimed that it must there be brought on the policy of the administrator. If the plaintiff in the case at bar had a valid assignment, the administrator in Vermont was suing for her benefit, and, if he discovered, would hold the money for her benefit, and she could obtain it by action from him or upon his accounting. The defendant could not get her into Vermont. She was a nonresident. If it undertook there to pay the money into court, how would that have benefited it? If the courts of this state are not to regard the judgment there obtained, why should they regard money paid into court? The defendant could not bring the Vermont administrator into our court as being a nonresident, and as administrator having no extraterritorial authority. Nor would it have advantaged it to pay the money into our court. Its position would then have been with money deposited in both courts. Now it has judgments entered in both courts. I fail to see how the defendant could have protected itself as long as the courts of the two states declined to recognize the pending proceedings in the other. But the courts do not, and should not, allow such a condition to exist. The principle of state comity intervenes, and the jurisdiction is left with the court first obtaining it. In the case at bar the plaintiff is suing on what she claims to be a valid assignment

of the policy. If her assignment is valid, then the administrator in Vermont, under the allegations as to the law of that state, had been suing to recover her debt, and now holds the judgment for her benefit. He is her representative. So the cause of action and the parties are in reality the same in the two jurisdictions. In Sulz v. Mutual Reserve Fund Life Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379, the insured died in the state of Washington. His wife was then residing in Brooklyn. She was appointed administratrix in Brooklyn, and subsequently one Thomas was appointed administrator of the estate of her husband in the state of Washington. Thomas at once commenced an action in that state to recover upon the policy. Within a few days thereafter the wife commenced an action in this state to recover the amount due under the same policy. The defendant set up the pendency of the action against it in Washington, and claimed that the plaintiff had no right to maintain the action here because of those facts. Judge Peckham said:

"In such a case as this we think that the principle of comity between the states calls for the refusal on the part of the courts of this state to entertain jurisdiction."

It was claimed, in addition, that the plaintiff might recover in another aspect and in her own right, irrespective of her character as administratrix. The court said:

"We cannot, therefore, see any way by which the plaintiff ought to be permitted to maintain her action either as administratrix or as the widow and alleged sole beneficiary covered by the policy. We confess that we do not see how the money arising from the payment under this policy or certificate can be made liable for any of the debts of the deceased any more in the state of Washington than in case an action was brought here. The statute under which the company is organized makes provision upon that subject, but, as the courts of Washington have jurisdiction of that question, it will be matter for them to decide; which they will do in a manner consistent with their views of the law. The judgment in this action ought not to stand, and it must therefore be reversed, and, as the plaintiff cannot in any event succeed upon a new trial, her complaint should be dismissed."

The Sulz Case was followed in Traflet v. Empire Life Ins. Co., 64 N. J. Law, 387, 46 Atl. 204, where, an administrator having been appointed in New York and another in New Jersey, the action on the policy in New York was first brought and went to judgment; the court saying: "The jurisdiction of the court which is first in time will prevail," and "when the suit in another state has proceeded to final judgment, the judgment may be pleaded in bar," and therefore held the New York judgment a bar to the New Jersey suit.

It seems to me, therefore, that the order appealed from should be reversed, and leave granted to serve the supplemental answer, upon payment of costs to the time of trial, and that the judgment and order denying the motion for a new trial must be reversed, and a new trial ordered, with costs to the appellant.

O'BRIEN, P. J., concurs.

PATTERSON, J. I agree with Mr. Justice CLARKE that the appeal from the order denying defendant's motion for leave to make

and serve a supplemental answer may be regarded as a direct appeal from that order, the notice having been served within the time allowed by law for such an appeal.

INGRAHAM, J. I agree with Mr. Justice CLARKE that the appeal from the order denying the motion for leave to serve a supplemental answer is now before us, the defendant having in due time taken an appeal directly from that order. I also agree that the court should have allowed the service of the supplemental answer, so that the questions as to whether an action brought by the personal representative of the insured in the state of Vermont, where the person insured resided at the time of his death, is a bar to an action in this state by an assignee of the policy, can be formally determined upon the trial of the action. The defendant having been refused permission to serve this supplemental answer, the action was tried, and the evidence offered to sustain the defense set up in the supplemental answer excluded. If we reverse the order denying the motion for leave to serve the supplemental answer, we are justified in reversing the judgment.

I do not concur in what Mr. Justice CLARKE has said in respect to the validity of the defense, or that Sulz v. Mutual Reserve Fund Life Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379, is at all decisive of this question. In that case the policy was payable to the estate of the insured, and the personal representatives of the insured commenced an action in the state of Washington, where the insured resided. Subsequently, the personal representatives of the deceased appointed in this state commenced an action in this state to recover upon the same policy, and it was held that the representatives of the estate of the deceased, appointed by the state of the testator's domicile, having first acquired jurisdiction over the cause of action, a recovery in an action in that state was a good defense to the cause of action brought by the personal representatives appointed in this state to recover upon the same cause of action. An entirely different question is presented here. The plaintiff sues, not as representative of the estate, but to enforce a contract which she is entitled to enforce for her own benefit.

I concur, therefore, in the result of Mr. Justice CLARKE'S opinion, upon the ground that the defendant was entitled to have the facts set forth in this supplemental pleading before the court upon the trial, in which case there could be a determination of the validity of the defense, which can be properly reviewed upon appeal.

LAUGHLIN, J., concurs.