show "that the sum awarded by the judgment is the whole amount found to be due," and it is therefore no bar to an action for the balance of the claim on which the counterclaim was founded.

## GLEASON v. NORTHWESTERN MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. June 10, 1910.)

APPEAL AND ERROR (§ 1195*)—LAW OF THE CASE.

The decision of the Court of Appeals overruling a demurrer to the answer in an action on a life policy by the assignee thereof, pleading in bar a judgment of a sister state in favor of the administrator of insured in an action on the policy, and adjudging that the foreign judgment is conclusive, is the law of the case on the question of the conclusiveness of a final judgment for the administrator in the sister state, rendered on a subsequent trial after the reversal of the former judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mary Agnes Gleason against the Northwestern Mutual Life Insurance Company. From a judgment entered on a directed verdict for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Alfred Opdyke, for appellant.
Eugene Frayer, for respondent.

SCOTT, J. The defendant appeals from a judgment entered upon a directed verdict. The action is upon a policy of insurance, dated September 3, 1891, issued upon the life of Oliff F. Harrison, and payable to his executors, administrators, and assigns. It was dated at Milwaukee, Wis., and was by its terms payable at defendant's office in that city. Oliff F. Harrison was a resident of Rutland, Vt., when the policy was negotiated for and delivered, some time between September 3 and 12, 1891. On said September 12, 1891, Harrison executed a written assignment of said policy to the plaintiff, who was also a resident of Rutland. The assignment, which, as it is stipulated, was made without consideration and as a gift, was executed and delivered in Rutland, where it remained until after Harrison's death on October 12, 1903; both Harrison and plaintiff continuing to be residents of Rutland until his death. Harrison paid all the premiums, except the last one, which plaintiff paid, because Harrison was too ill to attend to business and she feared that the policy might lapse. The day after Harrison died, plaintiff moved to the state of New York, where she has since resided. She left the policy and assignment for something over a year in the hands of a Vermont attorney, who, however, took no action to collect it. On October 22, 1903, Percival W. Clement was appointed in Vermont administrator of Harrison's estate, and on November 7, 1903, as such administrator, he served proof of Har-

rison's death upon defendant. Plaintiff relies upon this proof of death, having served none herself.

On November 18, 1904, Clement, as administrator, began an action against defendant in Vermont to recover the amount of the policy. Defendant appeared, and set up the assignment of the policy to plaintiff. On March 3, 1905, defendant served upon plaintiff personally in New York notice of the pendency of the action in Vermont, with an offer to permit her to assume the defense thereof. She made no reply to this, but on March 11, 1905, formally notified defendant that she claimed to be entitled to receive the amount of the policy, and on March 23, 1905, she commenced this action. On October 6, 1905, Harrison's administrator in Vermont recovered judgment in that state. This case was then on the calendar and about to be reached for trial, and defendant moved for leave to set up the Vermont judgment as a bar to this action. The motion was denied, and judgment went for plaintiff. On appeal, the order and judgment were reversed, and the motion for leave to serve a supplemental complaint, setting up the Vermont judgment in bar, was granted. 113 App. Div. 186, 98 N. Y. Supp. 991. The plaintiff thereupon demurred to the defense thus allowed to be set up, upon the ground that it was insufficient in law upon the face thereof. The demurrer was overruled at Special Term, and the judgment was affirmed here without opinion (118 App. Div. 906, 103 N. Y. Supp. 1126), and in the Court of Appeals with an opinion by O'Brien, J. (189 N. Y. 100, 81 N. E. 777). The Vermont judgment, in the meantime, had been reversed, and plaintiff, after the decision of the Court of Appeals, withdrew her demurrer and replied, setting up such reversal. The action in Vermont again went to trial, and again resulted in a judgment for the administrator, which was affirmed on appeal, and subsequently paid by defendant, who then served a second supplemental answer, setting up the second judgment, its affirmance, and its payment.

The sole question in this case is whether the final judgment in Vermont constitutes a bar to a recovery by the plaintiff here for the same debt upon the same policy. This question was discussed with much care upon the first appeal to this court, and a decided difference of opinion was found to exist. We do not consider that it is necessary or useful to renew that discussion here; for, as we regard it, the question has been definitely decided by the Court of Appeals on the appeal from the judgment overruling plaintiff's demurrer. The one and only question presented on that appeal was whether or not defendant's answer setting up the Vermont judgment in bar of this action was sufficient in law upon the face thereof, and the court decided that it was. The defense in the present case is a second judgment in the same action in Vermont; and, as the allegations respecting it were fully proven, we have presented precisely the same question which was decided in defendant's favor by the Court of Appeals. It is true that none of the other judges of that court concurred in the precise grounds stated by Judge O'Brien for his opinion; but what we are concerned with is, not the opinion, but the decision. In that all of the judges, save one, concurred, and that decision was that the answer setting up the recovery of the judgment in Vermont was sufficient in law. That

decision constitutes the law of this case, and requires a reversal of the present judgment.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN and CLARKE, JJ., concur.  DOWLING, J., dissents.

INGRAHAM, P. J. (concurring).  I do not understand upon what principle the judgment in the action in the state of Vermont can be a defense to the enforcement by the plaintiff of the action sought to be enforced here.  The defendant, a corporation organized under the laws of the state of Wisconsin, in that state issued a policy of insurance, dated September 12, 1891.  By the policy the defendant agreed to pay at its office in Milwaukee, unto the executors, administrators, or assignees of the insured, $2,000 in 60 days after due proof of his death, and on September 12, 1891, the insured executed an instrument whereby, for a valuable consideration, he assigned and transferred to the plaintiff, for her sole use and benefit, all his right, title, and interest in this policy, and delivered this instrument and the original policy of insurance to the plaintiff.  The insured died on the 11th of March, 1903, at Rutland, Vt.  Proof of death was furnished to the defendant, and on March 13, 1905, the plaintiff served upon the defendant a claim and demand on this policy, annexing a copy of the assignment of the policy.

It is conceded that by the laws of this state the plaintiff had a cause of action on this policy against the defendant, and in March, 1905, this action was commenced to enforce that cause of action.  The defendant had interposed an answer, to which the only defense was that on the 18th day of November, 1904, the executors of the insured commenced an action against the defendant in the state of Vermont to recover upon this policy, which subsequently resulted in a judgment in favor of the executors of the insured in the state of Vermont against the defendant on the policy, which the defendant had paid. The policy, by its terms, was payable to the insured or to his assignee. It in express terms provided for an assignment of the policy, and it also contained a provision that this "policy is a contract made and to be performed in the state of Wisconsin, and shall be construed only according to the charter of the company and the laws of said state"; and the defendant recognized its obligation to the plaintiff by alleging in the Vermont action as a defense that any judgment rendered in that action would not be a defense to this action, and that the defendant would be subject to a suit on behalf of the plaintiff and be compelled to pay the amount thereof.  The plaintiff in this action was not a party to the Vermont action in which the judgment was rendered.  The courts of Vermont had no jurisdiction over the plaintiff and had sought to obtain no jurisdiction over her.

The full faith and credit clause in the federal Constitution has no effect, unless the court in which the judgment was rendered had jurisdiction over the person against whom judgment is sought to be enforced.  The fact that this Wisconsin corporation sees fit to do business in the state of Vermont, and thus subjects itself to the jurisdic-

tion of the courts of that state, could not give the courts of that state jurisdiction over this plaintiff, who was asserting a cause of action against the defendant in hostility to the claim of the executors of the insured, who were prosecuting the claim against the defendant in the state of Vermont. The plaintiff, a citizen of this state, has a valid cause of action against the defendant, a Wisconsin corporation. The court of this state has acquired jurisdiction over the defendant corporation, who has appeared in this action. Upon the conceded facts the plaintiff is entitled to a judgment; but it is claimed that the plaintiff is to be denied relief in the courts of this state because the defendant had been forced to pay the claim to a third party under the judgment of another state. As, however, the Court of Appeals seems to have determined that an answer alleging a recovery of this judgment in the state of Vermont is a good and sufficient defense to this action, although no reason is assigned for this decision, which was adopted by this court, I suppose this court is bound by that determination, and I therefore concur in a reversal of the judgment.