Samuel Rabin, J.
The plaintiff and her husband were legally separated in March, 1955. In February, 1956 the husband withdrew the plaintiff’s name as beneficiary of his pension fund and substituted the individual defendant’s name. Thereafter the husband died and plaintiff brought this action to receive the proceeds of said fund on the theory that the husband was incompetent when the change of beneficiaries was made.
*595 A subpoena was served on the physician who attended the deceased husband, and this application is made by him to vacate it.
The will of the deceased, which names the individual defendant executrix has not been offered for probate.
Section 352 of the Civil Practice Act provides that a physician shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity and which was necessary for him to act in that capacity.
Section 354 of the Civil Practice Act provides in part as follows: ‘1 But a physician or surgeon or a registered professional or licensed practical nurse, upon the trial or examination, may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except such confidential communications as would tend to disgrace the memory of the patient and such facts as would tend to disgrace his memory, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient ’ ’.
Since the decedent’s will has not been probated and no letters of administration issued, the decedent has no ‘1 personal representatives ” within the meaning of section 354. The words ‘ ‘ personal representatives ’ ’ as used in section 354 apply only to executors and administrators. (Sulz v. Mutual Reserve Fund Life Assn., 145 N. Y. 563, 574.)
Accordingly, since there is no one competent to waive the privilege in any of the manners specified in section 354, section 352 stands as a complete bar and the application to vacate the subpoena is granted.
Submit order.